Joseph Liff, J.
The petitioner, a member of the police force in this county, sustained an “ on-the-job injury ” in 1954 because of which he has been on sick leave with full pay for some years. In this article 78 proceeding he asks in effect that the court direct how the Commissioner of Police should exercise his discretion in implementing a rule of the department.
The Nassau County Administrative Code (L. 1939, chs. 272, 701-709, as amd.), supplemental to the County Government Law of Nassau County, in section 8-3.0 gives to the Commissioner of Police the “jurisdiction and control of the government, administration, disposition and discipline of the police depart *674 ment” and the authority to “promulgate and enforce rules and regulations for such purposes.” (As amd. by Local Laws, 1945, No. 3 of County of Nassau.) Rule 10, subdivision 6 of article 7 (as it has been provided to us in the papers submitted) provides: “Members of the Force or Department, when on sick leave, shall not leave their place of confinement, except by written permission of their attending physician and certified by the Police Surgeon, which shall specify the period such member may leave residence or place of confinement. Members receiving permission to leave residence or place of confinement shall produce aforesaid permission and certification whenever required by a superior officer.”
The petitioner states that pursuant to that rule he has been confined to his home except for certain hours of each day and that this directive by the Commissioner is capricious, arbitrary, unreasonable and an abuse of discretion. His complaint thus is not with respect to the rule itself but in its application to his situation. The petitioner also claims that no provision has been made for emergency situations.
The Commissioner in an answering affidavit relates that every request by the petitioner for leave to absent himself from his home for longer periods of time has been granted and that he may leave his home at any time for any reasonable period by telephoning his home precinct and indicating the nature of the emergency to the desk officer.
It has been said that a Police Department is a quasi-military organization (Matter of Going v. Kennedy, 5 A D 2d 173, 182; 16 McQuillin, Law of Municipal Corporations, § 45.16, p. 675) and the Commissioner should have broad authority to make reasonable .rules and regulations for the effective operation of the force; otherwise it would be an exercise in futility (16 McQuillin, § 45.09, p. 655). The Commissioner of Police in this county has been entrusted with that responsibility in the broadest terms (rule 10).
The court should not substitute its judgment for that of an administrative officer whose ability and knowledge has been recognized by confiding in him the operation and administration of a sensitive governmental function (cf. Matter of Antell v. Board of Educ., 21 Misc 2d 119, affd. 10 A D 2d 699; Matter of Skinkle v. Murray, 221 App. Div. 301, 304; Matter of Chikofsky v. Thompson, 22 A D 2d 782).
Even the determination of those who are able to discharge their duties and those who may be appointed to the force may rest with the officer entrusted with the job of running the department (Matter of Going v. Kennedy, supra; Matter of *675 Chikofsky v. Thompson, supra; Matter of Nathanson v. Adams, 207 Misc. 572, revd. 1 A D 2d 823).
As was said by our Court of Appeals iu an action which unsuccessfully attacked a New York City police regulation prohibiting “ moonlighting V, “ the rule is essential or at least appropriate to implement the Commissioner’s control of a tightly disciplined group of employees with special duties and obligations to protect the safety and order of the city and to be available to cope with emergencies.” (Flood v. Kennedy, 12 NY 2d 345, 347.)
Petitioner having failed to demonstrate that he has been treated arbitrarily, capriciously or unreasonably, his petition is dismissed. Settle judgment on notice.