■    In the Matter of DONALD F. DE BOER, Appellant, v. FRANCIS B. LOONEY, as Commissioner of Police of the County of Nassau, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR for stated relief with respect to the application to petitioner of a certain rule of respondent Police Department concerning members of the department who are on sick leave, the appeal is from a judgment of the Supreme Court, Nassau County, dated September 22, 1969, which dismissed the petition on the merits. Judgment affirmed, without costs. No opinion. Rabin, Munder Martuscello, JJ., concur; Christ, P. J., concurs, with the following memorandum, in which Benjamin, J., concurs: Petitioner, a member of the Nassau County Police Department since 1951, sustained a line-of-duty injury in 1956 and has been on sick leave with full pay ever since, unable to perform even light duty. His injury has been certified as permanent and the Medical Board of the Police Department has consistently recommended that he be retired. In this proceeding, he seeks annulment of certain restrictions placed upon him by respondent Commissioner pursuant to departmental rules and regulations, particularly the requirement that he confine himself to his home for 18 hours each day (with certain exceptions) and the denial of a "30 day paid free period" in lieu of vacation. In my opinion, Special Term properly dismissed the petition on these facts. We may not substitute our judgment for that of the Commissioner, the officer vested by law with discretion in these administrative matters. Nevertheless, this record suggests the possibility that the stringent confinement restriction is serving a dual purpose: (1) to prevent further impairment to petitioner's health and (2) to

force a retirement. Petitioner, apparently permanently disabled, has continued to receive full pay for 14 years without rendering any service to the department. Obviously, the interests of all concerned, including the public, would be served best by petitioner's retirement. Indeed, the department's Medical Board has so recommended on countless occasions. Disability retirement, with or without petitioner's consent, is the only satisfactory solution. [60 Misc 2d 673.]