OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *696
 
 The arbitration agreement expressly authorized the disciplinary arbitrator to determine the “appropriateness of proposed penalties” and further provided that the arbitrator “has full authority, if the remedy proposed by the State is found to be inappropriate to devise an appropriate remedy including an increase in the penalty sought by the State”. In view of the breadth of these explicit provisions of disciplinary power, it cannot be said that the arbitrator acted in excess of his jurisdiction in construing the agreement so as to permit him to allow the State to amend the penalty proposed by it in its “notice of discipline”, a proposal which still left him free to ultimately reject or accept the penalty in whole or in part (see
 
 Board of Educ. v Bellmore-Merrick United Secondary Teachers,
 
 39 NY2d 167, 172). Additionally, we note that, even if the State’s brief to the arbitrator should not have included the extrahearing statements, as to which in any event no prejudice or reliance thereon has been demonstrated, it is basic that an arbitrator’s award, so long as it stays within the bounds of rationality, may not be vacated for errors of law or fact (see
 
 Matter of Board of Educ.
 
 [Hess], 49 NY2d 145, 151-152;
 
 Lentine v Fundaro,
 
 29 NY2d 382, 385).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, without costs, in a memorandum.