■ In the Matter of the Arbitration between the TOWN OF HAVERSTRAW, Appellant, and the ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, Respondent. — In a proceeding pursuant to CPLR 7511 to vacate an

arbitration award, petitioner appeals from an order of the Supreme Court, Rockland County (Ruskin, J.), entered November 5, 1982, which granted the application only to the extent of remitting the matter to the arbitrator to fix the monetary amount to which respondent was purportedly entitled. ¶ Order modified, on the law, by granting the application in its entirety and vacating the arbitrator's award. As so modified, order affirmed, with costs to the Town of Haverstraw. ¶ Patrolman Gary Vance, a member of the Town of Haverstraw Police Department, sprained his right thumb while making an arrest on September 15, 1980. He was treated at Nyack Hospital, declared not fit for duty, and released. Vance refused light duty (desk duty), and, pursuant to a departmental regulation, he was ordered confined to his home during his regular tour of duty and nontours of duty, including days off. He was free to attend to personal business or go to the doctor, provided that he secured permission from police headquarters. He was paid his regular salary for the period of his claimed disability, and returned to regular patrol status in approximately one week. ¶ Vance subsequently requested that he be paid overtime for those hours he was restricted to his home excepting his normal tour of duty hours. ¶ After the town rejected the claim for overtime pay, the union brought a grievance and filed a demand for arbitration. The arbitrator held that Vance was entitled to overtime pay for those hours following his regular shift that he was confined to his residence, up to the commencement of normal sleeping time, and for days he would have had off during the period of confinement. ¶ We agree with the town's contention that this award violated public policy. An arbitrator's award, so long as it stays within the bounds of rationality, may not be vacated for errors of fact or law (*Matter of Allen* [*New York State*], 53 NY2d 694), but a court will vacate an award violative of public policy (*Matter of Associated Teachers of Huntington v Board of Educ.*, 33 NY2d 229; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774). Department rules allowing the confining of a sick or disabled officer to his home and prohibiting him from leaving his home without first contacting a superior have been upheld as reasonable (see *Matter of De Boer v Looney*, 60 Misc 2d 673, affd 34 AD2d 674; *Matter of Buttacavoli v Frank*, 51 AD2d 999). Therefore, awarding overtime pay under the circumstances at bar is contrary to public policy as expressed in a number of statutes and our State Constitution. Subdivision 1 of section 207-c of the General Municipal Law provides that "Any member of a police force * * * who is injured in the performance of his duties * * * shall be paid * * * the full amount of *his regular salary* or wages until his disability arising therefrom has ceased" (emphasis supplied). Section 90 of the General Municipal Law provides that a civil division or political subdivision of the State "may provide for the payment of overtime compensation to any or all public officers * * * for all time such officers or employees are required *to work* in excess of their regularly established hours of employment" (emphasis supplied). Thus, while payment of overtime for hours worked in excess of regular hours is authorized, an award of payment of overtime compensation under the circumstances at bar is not a rational determination and it violates public policy in providing a gift of public money in excess of regular compensation to a person disabled from work and confined to his home in accordance with a lawful regulation. Finally, we note that such a gift of public moneys is prohibited by section 1 of article VIII of the New York State Constitution. ¶ We have considered the town's other contentions and found them to be lacking in merit. Lazer, J. P., Gibbons, Thompson and Boyers, JJ., concur.