■ In the Matter of UNITED FEDERATION OF TEACHERS, LOCAL II, Respondent. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated December 7, 1984, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Hurowitz, J.), entered November 4, 1985, which granted the application and vacated the award.

Ordered that the order and judgment is reversed, on the law, with costs, the application is denied, and the award is reinstated and is confirmed.

The arguments offered by the petitioner fail to support any of the grounds for vacatur of the arbitrator's award provided in CPLR 7511 (b) (1). Although portions of the arbitrator's award herein may arguably indicate an imperfect understanding of the evidence or of the applicable provisions of the collective bargaining agreement (art 21 [E] [4]), the purported errors amount to no more than errors of law or fact, and as such are insufficient to set aside an award (see, Matter of Sprinzen [Nomberg], 46 NY2d 623, 629). The arbitrator's thorough written opinion reflects that he permitted the parties to present all pertinent and material evidence. His failure to rely on, or his decision to reject, some of the petitioner's evidence does not demonstrate any misconduct; such decisions fall within the purview of the arbitrator's responsibility and authority (see, Matter of Silverman [Benmor Coats], 61 NY2d 299, 308). Furthermore, the arbitrator committed no procedural error in taking additional time to reach his determination; not only were the parties' consents to an extension obtained, but the petitioner failed to timely object to the delay (see, CPLR 7507).

The arbitrator concluded from all the evidence that the petitioner's request for a medical arbitration was not only untimely at its inception on October 26, 1977, but was also untimely when revived in the form of a grievance on June 22, 1978. Additionally, he noted that the claim was pursued by the petitioner in a dilatory manner.

Given these factual determinations, the arbitrator was well warranted in concluding that the respondent was justified in declining to provide the petitioner with the medical arbitration she sought.

Finally, we would point out that the Supreme Court's failure to set forth its reasons for vacating the arbitrator's award herein has been less than helpful in our review of the issues raised on this appeal and should be avoided in the future. Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.