■ In the Matter of BRUCE I. KAFENBAUM et al., Respondents, v JACOB PARMETT, INC., et al., Appellants. [605 NYS2d 901] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award which awarded the petitioners' predecessor in interest, Ernest G. Rosenthal, $478,275, the appeal is from (1) an order of the Supreme Court, Nassau County (Kohn, J.), dated November 27, 1990, which denied Ernest G. Rosenthal's motion to confirm the award dated January 31, 1990, granted Richard L. Parmett's cross motion to vacate the award dated January 31, 1990, and remitted the matter to the same arbitrator; and (2) a judgment of the same court, entered April 15, 1991, which granted Ernest G. Rosenthal's motion to confirm the award dated January 17, 1991, and denied Richard L. Parmett's cross motion to vacate the award dated January 17, 1991.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The Supreme Court properly denied Richard L. Parmett's cross motion to vacate the award dated January 17, 1991. The arbitrator was free to make an award which he felt was appropriate under the circumstances, even though it exceeded the remedy requested by the parties *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). We find no merit to Parmett's contention that the arbitrator exceeded his authority by imposing personal liability on him *(see, Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.,* 61 NY2d 913, 915; *Matter of Silverman [Benmor Coats], supra),* or that the award was irrational *(see, Matter of Allen [New York State],* 53 NY2d 694, 696; *Matter of United Fedn. of Teachers [Board of Educ.],* 135 AD2d 638).

We have considered the appellants' remaining contentions, and find them to be equally without merit. Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.