■ In the Matter of the Arbitration between GLEN M. SINGLETON, Appellant, and FIREMAN'S FUND INSURANCE COMPANY, Respondent. [668 NYS2d 849] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted respondent insurer's cross petition to confirm the arbitration award denying petitioner's claim for no-fault first party benefits for chiropractic and medical services performed after December 1, 1994. Petitioner contends that, because he submitted a claim for reimbursement of chiropractic services only, the Hearing Arbitrator and Master Arbitrator exceeded the scope of their powers by upholding the denial of payment for both chiropractic and medical services. We disagree. The denial of claim form states that the insurer will not be responsible for chiropractic manipulations and medical treatment, and petitioner requested arbitration of that denial. Thus, the Hearing Arbitrator and Master Arbitrator acted within the scope of their powers.

We further disagree with the contentions of petitioner that the Hearing Arbitrator, in upholding the denial of his claim for payment for chiropractic manipulations, improperly credited the testimony of a physician specializing in orthopedics over the testimony of his treating chiropractor; that the hearing arbitrator erroneously upheld the denial of payment on the ground that the chiropractic manipulations were designed to alleviate pain and not to cure his condition; and that the affirmance of the Hearing Arbitrator's decision was arbitrary and capricious. The Hearing Arbitrator did not weigh the testimony of the physician and the treating chiropractor and credit one over the other; the Arbitrator rejected the testimony of the treating chiropractor regarding the need for treatment. Although the Master Arbitrator recognized that the Hearing Arbitrator erred in concluding that first party benefits were not available for the treatment of pain, he further concluded that the hearing arbitrator's determination that no further treatment was necessary was not arbitrary and capricious. Because there is a "plausible basis" in the record for that conclusion, the court properly confirmed the award (*Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211). (Appeal from Order of Supreme Court, Oneida County, Murad, J.— Arbitration.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.