██ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v STEPHANIE DRASGOW, Appellant. [784 NYS2d 772]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 17, 2003. The order granted the petition to vacate an arbitration award and denied respondent's petition to confirm the award.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Supreme Court properly granted the petition seeking to vacate the arbitration award directing petitioner to pay additional personal injury protection (APIP) benefits to respondent. Respondent was injured in an automobile accident on February 20, 1999 while operating a vehicle that belonged to a relative. That vehicle was insured by State Farm Insurance Company (State Farm), and respondent received no-fault insurance benefits from State Farm. On February 3, 2000, respondent, through an attorney whom she had recently retained, gave petitioner written notice of her claim for APIP benefits. Petitioner denied the claim because respondent failed to give notice within 90 days of the accident as required by respondent's policy with petitioner. The parties proceeded to arbitration and the arbitrator determined that it was impossible for respondent to have given notice within 90 days because she was unaware of the seriousness of her condition until February 2000. That determination was upheld by the master arbitrator. Petitioner sought to have the award vacated and respondent petitioned for confirmation of the award.

As a preliminary matter, the court properly determined that

it could not disturb the award on the ground that it was based upon an error of law, as urged by petitioner, but only on the ground that it lacked a rational basis (*see Matter of Allen [New York State],* 53 NY2d 694, 696 [1981]; *see also* CPLR 7511 [b] [1]). The policy required respondent to give notice "as soon as reasonably practicable, but in no event more than 90 days after the date of the accident, unless the eligible injured person submits written proof that it was impossible to comply with such time limitation due to specific circumstances beyond such person's control." We note that this notice requirement is more stringent than notice requirements for supplemental underinsured motorist benefits, which typically require notice as soon as practicable (*see e.g. Medina v State Farm Mut. Auto. Ins. Co.,* 303 AD2d 987, 988 [2003]; *see generally Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 494-495 [1999]). Even assuming, arguendo, that respondent was not aware of the seriousness of her injuries until February 2000, the record establishes that respondent sought medical treatment for her injuries two days after the accident and, because her symptoms continued to worsen, she was referred to a specialist, who, among other things, ordered an MRI within the 90-day period. That physician thereafter referred respondent to a neurosurgeon who ultimately advised respondent that surgery was required. Thus, we conclude that there is no rational basis for the arbitrator's finding that it was impossible for respondent to provide notice to petitioner within the 90-day period because of circumstances beyond her control, as required by the policy.

All concur except Pine, J.P., and Lawton, J., who dissent and vote to reverse in accordance with the following memorandum.

Pine, J.P., and Lawton, J. (dissenting). We respectfully dissent. We concur with the majority that Supreme Court properly determined that it could not disturb the arbitrator's award on the ground that it was based upon an error of law. We differ only with the majority's holding that "there is no rational basis for the arbitrator's finding that it was impossible for respondent to provide notice to petitioner within the 90-day period." Because the finding of the arbitrator was based upon the weighing of factual matters and the record supports that determination, the court is powerless to substitute its determination for that of the arbitrator (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.,* 1 NY3d 72, 83 [2003]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York,* 94 NY2d 321, 326 [1999]; *Matter of Singleton [Fireman's Fund Ins. Co.],* 247 AD2d 868 [1998]). We would therefore re-

verse the order, deny petitioner's petition, grant respondent's petition and confirm the arbitrator's award. Present—Pine, J.P., Scudder, Kehoe, Martoche and Lawton, JJ.