■ CENTRAL SQUARE TEACHERS ASSOCIATION et al., Appellants, v BOARD OF EDUCATION OF THE CENTRAL SQUARE SCHOOL DISTRICT, Respondent.— Order unanimously reversed, with costs, and motion to confirm award granted. Memorandum: Special Term vacated an arbitration award made to appellant Central Square Teachers Association. The award arose as a result of a grievance which alleged that the collective bargaining agreement was

violated when teachers were assigned to cafeteria duty in the respondent, Central Square Central School District, Junior High School. Special Term vacated the award because it concluded that the arbitrator had exceeded his authority by treating a "past practice" (i.e., not previously assigning teachers to monitor this particular cafeteria) as a part of the contract. The agreement here provided that it would "constitute the full and complete commitment between both parties." Under the contract, the arbitrator is prohibited from recommending alterations or additions in meaning to the contract. Where such a contract is silent as to the use that may be made of a "past practice", it is not permissible to use a "past practice" to add to the meaning of a contract (*Matter of Civil Serv. Employees Assn., Steuben County Ch. v County of Steuben*, 50 AD2d 421, 425; *County of Ontario v Civil Serv. Employees Assn., Ontario County Ch.*, 76 Misc 2d 365, affd 46 AD2d 738). On the other hand, a "past practice" may be appropriately used to interpret a contract (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583). From a reading of the arbitrator's award, it could reasonably be argued that a "past practice" was used either to add to the contract, as Special Term found, or merely to interpret the contract as appellants urge. However, we need not ground our determination upon either view of the use of a "past practice" made by the arbitrator in this case. Rather, we focus on the arbitrator's finding of a violation of the collective bargaining agreement itself. That agreement provides: "When consensus is reached covering all areas under discussion, the proposed agreement shall be reduced to writing by the Association" (art 2, § G), and it further provides: "This agreement will constitute the full and complete commitment between both parties and may be altered, changed, added to, deleted from or modified only through the voluntary and mutual consent of the parties in a written and signed amendment to this Agreement" (art 27, § A). The arbitrator stated, *inter alia,* that the issue before him was: "Did the District violate Article II(G) and/or Article XXVII(A) of the Agreement between the parties by assigning teachers in the Central Square Junior High School to supervisory duties in the cafeteria". In his award the arbitrator states that the issue posed is the only one he will respond to. He concludes that "it is not a management right to impose additional non teaching duties on teachers * * * that management cannot unilaterally alter the terms * * * of employment during the life of the contract". The contract was executed on June 1, 1976. The arbitrator continued that the testimony indicated that the district acknowledged it knew of the unruly behavior in the cafeteria in the spring of 1976 which it could have raised in negotiations culminating in the June, 1976 agreement, but did not. The arbitrator carefully considered and rejected the respondent district's arguments regarding the possible sources of its authority to alter unilaterally the terms of the contract (e.g., art 4, §§ A, B, and the Teachers' Licenses). The arbitrator found a clear breach of section A of article 27. Having so determined, a finding that the district's action also violated past practices would be merely superfluous, not requiring that the award be vacated, since his role is "to reach a just result regardless of the technicalities" (*Matter of Raisler Corp. [New York City Housing Auth.],* 32 NY2d 274, 285). The arbitrator is not bound by principles of substantive law. Even "where the arbitrator states an intention to apply a law, and then misapplies it, the award will not be set aside" *Matter of Associated Teachers of Huntington v Board of Educ.,* 33 NY2d 229, 235). Suffice it to say the arbitrator's finding of a contract violation arising from the imposition of this additional duty may not be said to be completely irrational (*Rochester City School Dist. v*

*Rochester Teachers Assn., supra).* Special Term, therefore, improperly vacated the award. (Appeal from order of Oswego Supreme Court—arbitration.) Present—Cardamone, J. P., Simons, Doerr, Witmer and Moule, JJ.