■ In the Matter of CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., Appellant, v CITY OF NEW YORK, by Its Office of Municipal Labor Relations, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Shirley Fingerhood, J.), entered December 19, 1988, which, *inter alia,* granted the municipal respondent's cross motion to confirm an arbitration award, dated March 10, 1988, concerning the interpretation of a collective bargaining agreement, on the issue of calculation of vacation accrual time, is unanimously affirmed, without costs.

According to respondent's interpretation of the collective bargaining agreement with respect to the earning of vacation time, a correction officer accrues 1⅔ vacation days each month during the first three years of employment, for a total of 20 days a year. On July 1 of each calendar year, which corresponds to the city's fiscal year, all vacation time earned since the prior July 1 is posted to each officer's vacation balance. Correction officers are allowed to use their posted time according to seniority. Additionally, each vacation period is divided into two sections, from July 1 to December 25, and from December 26 to June 30, and no officer can take more than half of his posted vacation time within either period. Consequently, a correction officer who is appointed after July 1 will always be one-half year behind in available vacation days, and will not be able to take any vacation during the first year of employment.

In challenging this result, petitioner maintained that the respondent's interpretation contravenes article XI of the agreement, which requires it "to provide" 20 vacation days annually. Respondent answered by arguing that the term "to provide" meant to "furnish for future use". The matter was ultimately referred to an arbitrator, who, after hearing testimony, issued a ruling in favor of respondent.

When a contract is interpreted by an arbitrator, his determination may be disturbed only if it is found to be completely irrational, violative of public policy, or beyond the scope of arbitration. (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578.) Moreover, an arbitrator may even disregard the apparent, or even plain meaning of the words of the contract before him, and look at the past conduct of the parties (*see, Rochester City School Dist. v Rochester Teachers Assn., supra,* at 582; *Central Sq. Teachers Assn. v Board of Educ.,* 72 AD2d 932, *affd* 52 NY2d 918) to do justice and reflect the spirit, rather than the letter of the agreement. (*Matter of Local Div. 1179 [Green Bus Lines],* 50 NY2d 1007, 1009; *see, Matter of New York City Tr. Police Patrolmen's Benevolent Assn. v New York City Tr. Auth.,* 150 AD2d 452, 453.)

Applying these principles to the record before us, we cannot find that the arbitration award involving the interpretation of the subject clause was irrational or without the scope of the arbitrator's authority, and therefore do not disturb his determination. Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.