■ In the Matter of the Arbitration between FRANKFORT-SCHUYLER CENTRAL SCHOOL DISTRICT, Respondent, and KATHY SARAFIN, as President of Frankfort-Schuyler Teachers' Association, Appellant.—Order unanimously reversed on the law without costs, petition denied and award confirmed. Memorandum: Respondent Teachers' Association filed a demand for arbitration of the following issue: "Did the Board violate the collective bargaining agreement and the lunch duty side memorandum when it did not implement the Committee's elementary lunch duty recommendations for the 1989/90 school year? If so, what is the remedy for the violation?" Attached to the demand as the "agreement" of the parties was the "side memorandum". Also attached was the arbitration provision of the collective bargaining agreement. The School District did not move for a stay; instead, it fully participated in arbitration of the specified dispute. After a hearing, the arbitrator found that the School District agreed to the terms of the side memorandum as part of the bargaining agreement and that the School District violated the bargaining agreement and lunch time duty provisions of the memorandum. The School District instituted this proceeding to vacate the award, contending that the side memorandum was never executed by the District Superintendent; that the District never agreed to the memorandum; and that, in finding that there was an agreement, the arbitrator exceeded his powers. The District does

not challenge the finding that it breached the terms of the memorandum.

Supreme Court erred in finding that the arbitrator exceeded his powers. By failing to seek a stay and by participating in arbitration, the District waived any claim that the side memorandum was not arbitrable, i.e., whether a valid agreement to arbitrate existed, or that the arbitrator lacked the power to resolve a dispute concerning that memorandum *(see,* CPLR 7503 [c]; *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 309; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 583; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377).

We further find that the District failed to meet its heavy burden of demonstrating that the arbitrator exceeded his powers in fashioning the remedy of compensation or that such determination was completely irrational *(see, North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.,* 45 NY2d 195, 200). (Appeal from Order of Supreme Court, Herkimer County, Auser, J.—Arbitration.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.