■ In the Matter of LANDMARK CONSTRUCTION CORP., Appellant, v IRON WORKERS LOCAL 580, Respondent. [615 NYS2d 999] — In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated July 15, 1992, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), dated November 9, 1992, as amended May 25, 1993, which denied the petitioner's application to vacate the award and granted the respondent's cross application to confirm the award. The appeal brings up for review so much of an order of the same court, dated February 9, 1993, as,

upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the judgment dated November 9, 1992, as amended May 25, 1993, is dismissed, since that judgment was superseded by the order dated February 9, 1993, made upon reargument; and it is further,

Ordered that the order dated February 9, 1993, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner's failure to seek to stay the arbitration upon receiving the respondent's notice of intent to arbitrate precludes it from contending that a valid agreement to arbitrate was not made or that the issues determined by the arbitrator were not arbitrable *(see,* CPLR 7503 [c]; *Matter of Lane [Abel-Bey],* 50 NY2d 864; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582-583; *Matter of Frankfort-Schuyler Cent. School Dist. [Sarafin],* 181 AD2d 1036; *Matter of Hercules Constr. Corp. [Sussco Exterior Sys.],* 120 AD2d 532; *Hamilton Stone, Inc. v National Cash Register Corp.,* 99 AD2d 480; *see also,* CPLR 7511 [b] [1]). Moreover, the Supreme Court properly confirmed the arbitrator's award, which was not irrational or beyond the scope of the arbitrator's authority *(see, Rochester City School Dist. v Rochester Teachers Assn., supra,* at 578).

We have considered the petitioner's remaining contention and find it to be without merit. Rosenblatt, J. P., Lawrence, Copertino and Joy, JJ., concur.