OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the motion to vacate the arbitration award denied, and the cross motion to confirm the award granted. The certified question is not answered as unnecessary.
It was error for the Appellate Division to have vacated the award merely because it disagreed with the arbitrator’s interpretation of the parties’ agreement. When an arbitrator has been empowered to interpret a contract, the resulting award *1009 is not subject to vacatur unless it is totally irrational (e.g., Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582; Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383). Parties who agree to refer contract disputes to arbitration must recognize that " '[arbitrators may do justice’ and the award may well reflect the spirit rather than the letter of the agreement” (Rochester City School Dist. v Rochester Teachers Assn., supra, at p 582). Courts may not overturn an award because they believe the arbitrator has misconstrued the apparent, or even the obvious, meaning of the contract (id.). Here, the arbitrator, resolving the very dispute submitted to him, interpreted the agreement in light of what he found to be the intent of the parties. In doing so, we cannot conclude that he reached a completely irrational result.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Meyer taking no part.
Order reversed, etc.