■ In the Matter of MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant, v LOCAL 100, TRANSPORT WORKERS UNION OF AMERICA, Respondent. — In a proceeding, *inter alia,* to vacate, in part, an arbitration award, petitioner appeals from a judgment of the Supreme Court, Kings County (Pino, J.), dated September 17, 1981, which dismissed the petition and confirmed the arbitrator's award. Judgment affirmed, without costs or disbursements. Local 100, Transport Workers Union of America (the union) and the Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) are parties to a collective bargaining agreement containing a broad arbitration clause. Under the agreement, MABSTOA reserves the right to fix schedules, as an exercise of its management prerogatives. The agreement further pro-

vides that the union may challenge the schedule, through the grievance procedure, where scheduling changes would imperil the drivers' health or safety. Where such a grievance proceeds to arbitration, the arbitrator's "jurisdiction" is limited to determining whether a schedule or run imperils the drivers' health or safety. The instant dispute arose when MABSTOA announced a new schedule, which increased the number of "swing runs". A "swing run" is a run including a long break for which the driver is not paid. The union filed a grievance, complaining of the increase in swing runs, which proceeded to arbitration. A hearing on the grievance was held before the arbitrator, Theodore Kheel. The union contended that in 1968 MABSTOA and the union entered into an oral agreement to maintain the number of "swing" runs at a certain level. MABSTOA denied the existence of such an agreement, but admitted that for the past 13 years it had not sought to increase the number of "swing" runs. Based upon the above, the arbitrator found that "some type of arrangement between the parties" existed and, although MABSTOA had the right to implement schedule changes (there was no question that the proposed changes did not imperil the health or safety of drivers), implementation of the additional "swing" runs should be deferred until after the current collective bargaining agreement expires on March 31, 1982. MABSTOA commenced the instant proceeding to vacate or modify the arbitrator's award and Special Term dismissed the petition and confirmed the award. The grounds upon which an arbitrator's award may be vacated are limited and the courts have strictly construed the power to vacate such awards. CPLR 7511 (subd [b], par 1, cl [iii]) provides that an award shall be vacated if the court finds that the arbitrator "exceeded his power". An arbitrator exceeds his power when the award is totally irrational (see *Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines],* 50 NY2d 1007, 1009; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582), or where the document expressly limits the power of the arbitrator (see *Rochester City School Dist. v Rochester Teachers Assn., supra; Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383). Basically, an arbitrator's award will be vacated when it has the effect of rewriting the agreement (see *Matter of National Cash Register Co. [Wilson], supra).* The award before us is not irrational. Nor does the agreement expressly limit the power of the arbitrator to make such an award. Where the arbitration involves public collective bargaining agreements, the arbitrators may do justice and the award may well reflect the spirit rather than the letter of the agreement (see *Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines],* 50 NY2d 1007, 1009, *supra; Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, *supra; Lentine v Fundaro,* 29 NY2d 382, 386). The grievance involved the question of scheduling and the implementation of "swing" runs. Although scheduling was a management prerogative, the collective bargaining agreement did not specify the details of scheduling. To resolve the dispute, especially in light of the finding of a 13-year past practice and arrangement limiting the amount of "swing" runs, interpretation of MABSTOA's contract right to alter scheduling was necessary. The arbitrator was within his power to resolve this dispute under the general broad arbitration clause in the parties' agreement. In resolving the grievance, the arbitrator properly looked to the past practices of the parties. "The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law — the practices of the industry and the shop — is equally a part of the collective bargaining agreement although not expressed in it" *(Steelworkers v Warrior & Gulf Co.,* 363 US 574, 581-582; see *Porter Co. v United Saw, File & Steel Prod. Workers of Amer.,* 333 F2d 596). It was not irrational for the arbitrator to conclude that the parties' conduct in the past, under similar agreements, demonstrated their intent or expectations (see *Rochester City*

*School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 583, *supra; Matter of Essex County Bd. of Supervisors [Civil Serv. Employees Assn.],* 67 AD2d 1047). Implicit in the arbitrator's award is a finding that the parties expected or understood that, based on their past practices, MABSTOA's discretion to implement schedule changes was limited with respect to the level of "swing" runs (cf. *Rochester City School Dist. v Rochester Teachers Assn., supra,* p 584). Such a determination was not irrational. The specific provision in the agreement which, it is contended, limits the arbitrator's "jurisdiction" to scheduling matters which imperil the health or safety of drivers does not preclude the instant award. The grievance in this case was more than a challenge to schedule changes based upon health or safety. The parties' understanding as to MABSTOA's power to implement certain schedule changes was at issue and, when the award is viewed in this light, it did not have the effect of rewriting the agreement or violating an express provision limiting the arbitrator's authority. Accordingly, it was not error to confirm the award in light of the implicit finding of the arbitrator. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.