■ In the Matter of COUNTY OF SUFFOLK, Appellant, v SUFFOLK COUNTY LOCAL 852 OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent.—In a proceeding pursuant to CPLR 7511 to vacate so much of an arbitration award as determined that the County of Suffolk violated the provisions of a collective bargaining agreement between it and the respondent by charging the absence of certain employees because of snow conditions to the accrued annual leave time of those employees, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated April 23, 1984, which denied the application.

Justice Eiber has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed, with costs.

The standards of CPLR article 78 are not available to broaden review of an arbitration award. The parties may not vary by agreement the exclusive and narrow CPLR article 75 grounds for review of such awards, as they are designed to effect public policy encouraging arbitration and discouraging litigation over arbitration awards *(see, Integrated Sales v Maxell Corp.,* 94 AD2d 221, 224; *Kwasnik v Willo Packing Co.,* 61 AD2d 791, 793; *Levine v Klein,* 70 AD2d 532).

Under the standards of CPLR 7511 (b) (1) (iii) the arbitrator's award was not violative of strong public policy, was not totally irrational, and did not exceed a specifically enumerated limitation on the arbitrator's power *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308; *Matter of Albany County Sheriff's Local 775 [County of Albany],* 63 NY2d 654). The arbitrator's determination that the County Executive abused his discretion under the agreement is rational. The County Executive had the discretion to declare a snow emergency and to permit employee absences without charging the lost time to

leave accruals. He did not declare an emergency and by charging the absences of employees from the heavily hit Riverhead area to accruals, he indirectly encouraged violation of the lawful directives of the town closing its roads. "Parties who agree to refer contract disputes to arbitration must recognize that ' "[a]rbitrators may do justice" and the award may well reflect the spirit rather than the letter of the agreement' " *(Matter of Local Div. 1179 [Green Bus Lines]*, 50 NY2d 1007, 1009, quoting from *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582). Lazer, J. P., Mangano, Weinstein and Eiber, JJ., concur.