■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Respondent, v PATROLMEN'S BENEVOLENT ASSOCIATION OF THE NEW YORK CITY TRANSIT POLICE DEPARTMENT, Appellant.—In a proceeding to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Kings County (Pino, J.), dated April 12, 1985, which granted the application.

Justice Niehoff has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed, with costs.

We agree with Special Term that the subject arbitration award cannot stand. One of the limited statutory (CPLR 7511) grounds to vacate such an award is that the arbitrator exceeded his power.

The collective bargaining agreement clause which provided for arbitration herein expressly limited the arbitrator's power to "the interpretation and application of the provisions of this agreement or of any written working condition, rule or resolution". Whether the agreement expressly limits the arbitrator's power has been held to be a basic factor in determining whether an arbitrator has exceeded his power (Pavilion Cent. School Dist. v Pavilion Faculty Assn., 51 AD2d 119, 122-123, lv dismissed 40 NY2d 845, 42 NY2d 961), and an award may be vacated where an arbitrator has exceeded expressly delineated powers (see, Matter of Granite Worsted Mills [Cowen], 25 NY2d 451, 456-457). Despite the explicit limitation contained in the agreement, the arbitrator found a violation of the agreement based on his interpretation of it by considering past practices of the parties and without pointing to any specific provision alleged to have been violated by the petitioner.

While it is not irrational for an arbitrator to consider past practices (see, Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Local 100, Transp. Workers Union, 84 AD2d 749, 750) to interpret provisions of the contract (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 583), he may not do so, as here, to the extent of bypassing express contract provisions and relying on these practices so as to make them an implied part of the contract. If the arbitrator does so, it will be concluded that he has exceeded his power by rewriting the contract and the award will be vacated (County of Ontario v Civil Serv. Employees Assn., 76 Misc 2d 365, 367-368, affd 46 AD2d 738; see also, Matter of Board of Educ. v

*North Babylon Teachers' Org.,* 104 AD2d 594, 597). The arbitrator's decision derived not from the contract, which granted petitioner broad discretionary powers to enact the change of schedule which prompted the appellant's grievance, but, rather, apparently from his deliberate and intentional consideration of matters dehors the contract *(see, Matter of Civil Serv. Employees Assn. v County of Steuben,* 50 AD2d 421, 425). Furthermore, the fact that the arbitrator did not cite any provision or section of the agreement which was in fact violated may itself be determinative of the issue of whether he has exceeded his power *(cf., Matter of Board of Educ. v North Babylon Teachers' Org., supra,* at 598). Niehoff, Weinstein and Kooper, JJ., concur.

Brown, J. P., dissents and votes to reverse the judgment appealed from, deny the petition and to grant the cross petition to confirm the arbitration award, with the following memorandum: Contrary to the view expressed by Special Term and my colleagues in the majority, I conclude that the arbitrator did not act in excess of his powers in determining that the petitioner's unilateral change in the duty chart for the City Wide Patrol Services Unit constituted a violation of the collective bargaining agreement between the petitioner and the appellant.

The City Wide Patrol Services Unit is a volunteer unit whose members are assigned to patrol trains and stations in connection with special events, during rush hours, near schools when conditions warrant, and during the summer months at the city's beaches. The unit has historically worked under a different duty chart than the rest of the department. The change in the duty chart had the effect of altering the work schedule of the members of the unit from a fixed nonrotating shift of five days on and two days off, with most officers having weekends off and with an additional day off every three weeks, to rotating shifts with four days on and two days off. The arbitrator's determination was based upon his finding that the duty chart change was punitive in nature, coming as it did on the heels of a job action, and excluding from its effect a few officers who did not participate in the job action, and upon his further finding that since the existing duty charts were promulgated as a result of collective bargaining, absent an immediate need, changes in the charts should not be made unilaterally.

Under CPLR 7511 (b) (1) (iii), an arbitrator's award will not be vacated unless it is violative of a strong public policy, is totally irrational, or exceeds a specifically enumerated limita-

tion on his power *(Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Matter of County of Suffolk v Suffolk County Local 852,* 125 AD2d 395). I find none of the reasons for vacatur present in this case.

Clearly, it cannot be argued that there exists any violation of public policy in the arbitrator's award and the petitioner makes no such claim. Nor can it be said that the award constitutes an irrational interpretation of the parties' agreement. Indeed, "[a]n arbitrator's interpretation may even disregard 'the apparent, or even the plain, meaning of the words' of the contract before him and still be impervious to challenge in the courts" *(Matter of Albany County Sheriff's Local 775 [County of Albany],* 63 NY2d 654, 656, quoting from *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582). The interpretation here that the parties' agreement did not contemplate unilateral changes in the duty charts cannot be said to be irrational. Those duty charts clearly had a bearing on an officer's ability to accumulate overtime and, as found by the arbitrator, section 2 of article VII of the agreement indicated that this was a proper subject for collective bargaining.

Nor do I find any basis for concluding that the arbitrator exceeded his power under the arbitration clause of the collective bargaining agreement. Any limitation on the power of the arbitrator "must be set forth as part of the arbitration clause itself, for to infer a limitation from the substantive provisions of an agreement containing an arbitration clause calling for arbitration of all disputes arising out of the contract, or for arbitration in some other broadly worded formulation, is to involve the courts in the merits of the dispute—interpretation of the contract's provisions—in violation of the legislative mandate" *(Matter of Silverman [Benmor Coats], supra,* at 307).

The arbitration clause at bar provides that: "The Impartial Arbitrator, in rendering any opinion or determination, shall be strictly limited to the interpretation and application of the provisions of this Agreement, or of any written working condition, rule or resolution of the Authority governing or affecting Police Officers, and he shall be without any power or authority to add to, delete from, or modify any of the provisions of this Agreement, of such working conditions, rules or resolutions". In rendering his award, the arbitrator referred to specific provisions of the agreement with respect to work schedules and the role of management discretion and thus was acting in accordance with his mandate to interpret the agreement. Similarly, it cannot be said that the arbitrator's refer-

ence to the past practices of the parties in this area renders his interpretation irrational or in excess of the scope of his authority to interpret the agreement *(see, Matter of Board of Educ. [Hess],* 49 NY2d 145, 153). Moreover, in interpreting an agreement, an arbitrator is empowered to do justice and may render an award which reflects the spirit rather than the letter of the agreement *(see, Matter of County of Suffolk v Suffolk County Local 852, supra).* Accordingly, the arbitrator's conclusion that petitioner's conduct constituted an improper punitive use of the agreement also serves as a proper basis for his interpretation of the agreement.

Under the circumstances, I conclude that the award should be confirmed.