*909 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
Where a dispute has been arbitrated pursuant to a broad arbitration agreement between the parties, the resulting award may not be vacated unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator’s power (Matter of Silverman [Benmor Coats], 61 NY2d 299, 308; Matter of Board of Educ. v Dover-Wingdale Teachers’ Assn., 61 NY2d 913; Matter of Local Div. 1179 [Green Bus Lines], 50 NY2d 1007; Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578).
Here, the arbitration was conducted pursuant to a broad arbitration clause in the parties’ collective bargaining agreement, which empowered the arbitrator to resolve disputes concerning the interpretation and application of the agreement, subject only to the limitation that the arbitrator could not add to or subtract from the agreement (see, Matter of Town of Haverstraw [Rockland County Patrolmen’s Benevolent Assn.] 65 NY2d 677; Matter of Local Div. 1179 [Green Bus Lines], supra; Matter of Sprinzen [Nomberg], 46 NY2d 623).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.