■ In the Matter of NEW YORK CITY TRANSIT POLICE PATROLMEN'S BENEVOLENT ASSOCIATION, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a proceeding

pursuant to CPLR 7510 to confirm an arbitration award which determined that the New York City Transit Authority violated the parties' collective bargaining agreement by declining to pay an officer for time spent in court as a defendant in a criminal action arising from his alleged conduct during an arrest made by him while on duty, which action ended in an acquittal, the New York City Transit Authority appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Spodek, J.), dated December 1, 1987, which granted the petitioner's motion to confirm the award and denied its cross motion to vacate the award.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the appellant's contentions, the arbitrator did not exceed his authority in finding in the petitioner's favor. As the Court of Appeals has recently observed: "Where a dispute has been arbitrated pursuant to a broad arbitration agreement between the parties, the resulting award may not be vacated unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" *(Matter of Town of Callicoon [Civil Serv. Employees Assn.],* 70 NY2d 907, 909; *see,* CPLR 7511 [b] [1] [iii]; *see also, Morgan Guar. Trust Co. v Solow,* 68 NY2d 779, 781; *Matter of Goldfinger v Lisker,* 68 NY2d 225).

Further, "[p]arties who agree to refer contract disputes to arbitration must recognize that ' "[a]rbitrators may do justice" and the award may well reflect the spirit rather than the letter of the agreement' " *(Matter of Local Div. 1179 [Green Bus Lines],* 50 NY2d 1007, 1009, quoting from *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582; *see also, Matter of County of Suffolk v Suffolk County Local 852,* 125 AD2d 395, 396). When measured against the foregoing criteria, there is no infirmity in the arbitrator's decision which would require its vacatur.

Although the arbitrator did not identify a specific provision in the contract which was violated by the appellant, he also indicated that the issue presented was "one of first impression" to which the parties' collective bargaining agreement did not speak. Accordingly, in deciding the question, the arbitrator was empowered to " ' "do justice" ' " and to fashion an award reflecting what he perceived to be the " 'spirit' " of the agreement with regard to the issue before him *(Rochester City School Dist. v Rochester Teachers Assn., supra,* at 582).

Finally, and contrary to the appellant's contentions, the arbitrator did not rest his determination exclusively upon his review of the practices of the New York City Police Department in similar situations. Rather, the arbitrator relied, *inter alia,* on the specific facts involved in this particular case, considered the silence of the contract with regard to the circumstances presented, and attempted, in a rational fashion and by weighing the equities, to decide the issue which had been presented to him by the parties. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.