■ In the Matter of BOARD OF EDUCATION OF NORTH BABYLON UNION FREE SCHOOL DISTRICT, Appellant, v NORTH BABYLON TEACHERS' ORGANIZATION, Respondent.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the Board of Education of the North Babylon Union Free School District appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated October 5, 1988, which denied its petition and granted the cross petition of the North Babylon Teachers' Organization to confirm the award.

Ordered that the judgment is affirmed, with costs.

Pursuant to CPLR 7511 (b) (1) (iii), an arbitrator's award will not be vacated unless it is totally irrational, exceeds a specifically enumerated limitation on his or her power, or is violative of a strong public policy (Matter of Town of Callicoon [Civil Serv. Employees Assn.], 70 NY2d 907; Matter of Silverman [Benmor Coats], 61 NY2d 299). Upon a review of the record, we find no basis for vacatur (see, Matter of United Fedn. of Teachers [Board of Educ.], 135 AD2d 638; cf., Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn., 129 AD2d 708). Here, the arbitration was conducted pursuant to a broad arbitration clause in the parties' collective bargaining agreement, which empowered the arbitrator to resolve disputes concerning the interpretation and application of the agreement subject only to the limitation that the arbitrator could not modify the terms of the agreement (see, Matter of Town of Callicoon [Civil Serv. Employees Assn.], 70 NY2d 907, supra; Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.], 65 NY2d 677). In rendering the award, the arbitrator referred to specific provisions of the agreement with respect to teachers' salaries, and did not vary any of the terms. Moreover, although the arbitrator did consider past practices between the parties to interpret provisions of the agreement, this did not render her decision irrational

*(see, Matter of Board of Educ. [Hess],* 49 NY2d 145; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578; *cf., Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn.,* 129 AD2d 708, *supra).* In addition, we agree with the Supreme Court that there was no indication that the award was in contravention of any strong public policy considerations *(see, Matter of Sprinzen [Nomberg],* 46 NY2d 623, 630). Mindful as we are of the limited circumstances which may lead to the vacatur of an arbitration award, we conclude that this award was properly confirmed. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.