■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Appellant, v SUBWAY-SURFACE SUPERVISORS ASSOCIATION et al., Respondents.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the appeal is from an order of the Supreme Court, Kings County (Garry, J.), entered January 11, 1990, which denied the petition to vacate the arbitration award and granted the cross motion to confirm the award.

Ordered that the order is affirmed, without costs or disbursements.

The sole issue before the arbitrator was whether the petitioner New York City Transit Authority (hereinafter the Authority) could preclude the members of the unit of Maintenance Supervisors I and Line Supervisors represented by the respondent Subway-Surface Supervisors Association (hereinafter the Association) from filing preferences for work assignments in the Queens Division. The arbitrator found that the Authority's action was in violation of the parties' collective bargaining agreement and directed the Authority to permit the filing of the work assignment preferences by the members of the Association.

Contrary to the appellant's contention, the arbitrator did not exceed his authority by making a new contract. "Parties who agree to refer contract disputes to arbitration must recognize that ' "[a]rbitrators may do justice" and the award may well reflect the spirit rather than the letter of the agreement' " *(Matter of Local Div. 1179 [Green Bus Lines],* 50 NY2d 1007, 1009, quoting *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582; *see, Matter of County of Suffolk v Suffolk County Local 852,* 125 AD2d 395, 396). It also cannot be said that the arbitrator gave a completely irrational construction to the parties' contract *(see, e.g., Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383).

We need not address the applicability of that provision in the parties' Memorandum of Understanding, executed on February 6, 1985, which amended the parties' collective bargaining agreement by providing that the "expressed preferences [for work assignments by the employees represented by

the Association] shall not be binding upon the Authority in any way", as this issue was not before the arbitrator. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.