■ In the Matter of MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent, v TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, LOCAL 100, et al., Appellants.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated July 6, 1989, the appeal is from a judgment of the Supreme Court, Kings County (Spodek, J.), entered February 13, 1990, which granted the application.

Ordered that the judgment is affirmed, with costs.

The Manhattan and Bronx Surface Transit Operating Authority (hereinafter MABSTOA) secured the required approval from the Metropolitan Transportation Authority for a plan to "rationalize and improve" bus service for the riding public in the midtown Manhattan area. The new plan, *inter alia,* extended one bus route and merged two other routes; these changes, in effect, eliminated certain jobs for MABSTOA employees.

The Transport Workers Union of America, AFL-CIO, Local 100 (hereinafter the TWU), the duly recognized bargaining representative for the affected MABSTOA employees, filed a grievance pursuant to the collective bargaining agreement between MABSTOA and the TWU. In the grievance, the TWU challenged MABSTOA's right to make the proposed service changes on the ground that the changes, *inter alia,* infringed upon the seniority rights of MABSTOA operators and drivers. The TWU claimed that its members were aggrieved by the reduction of the number of work assignments from which their members could choose.

The matter was ultimately submitted to arbitration, and the Impartial Arbitrator granted the TWU's grievance for the breach of seniority rights. MABSTOA thereafter commenced this proceeding pursuant to CPLR 7511 (b) (1) (iii) to vacate the arbitrator's award on the grounds that the arbitrator had exceeded his authority and that the award contravened public policy. The Supreme Court held that MABSTOA was correct.

Under the circumstances of this case, the court did not abuse its discretion in vacating the arbitration award. Because of the speed and efficiency with which arbitral tribunals generally are able to resolve contractual matters submitted to them, the courts recognize the strong public policy in upholding arbitration awards. However, such an award will be vacated pursuant to CPLR 7511 (b) (1) (iii) when it "is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" *(Matter of Town of Callicoon [Civil Serv. Employees Assn.]*, 70 NY2d 907, 909, citing *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623; *Matter of State Univ. v Young*, 170 AD2d 510; *Matter of Frank v McKenna Dev. Group*, 154 AD2d 674). We agree with the Supreme Court that here the arbitrator exceeded his powers under the collective bargaining agreement, and that the award violated public policy as expressed in the Public Authorities Law.

Although the arbitrator was authorized to consider the parties' past practices in reaching a decision, the collective bargaining agreement also limited his power to make awards to those that did not "amend, modify or change this Agreement or any of its terms". Here, however, the arbitrator did "change this Agreement" when he barred implementation of the subject route changes, MABSTOA's clear right to do so under the contract notwithstanding. Unlike the situation in *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Local 100, Transport Workers Union* (84 AD2d 749), an earlier decision of this court relied upon by the TWU, the arbitrator here was not confronted with an existing agreement which specifically concerned the particular changes MABSTOA wished to implement. In that case there was a finding that for 13 years "some type of arrangement between the parties" established the maximum number of "swing runs" MABSTOA could schedule, even though scheduling was a management prerogative. Because MABSTOA wanted to increase the number of such runs, we concluded that an interpretation of MABSTOA's contractual right to alter scheduling was neces-

sary, holding that the arbitrator was within his power to resolve the dispute under the general broad arbitration clause in the parties' agreement.

At bar, however, there was no allegation or finding of a past practice limiting route changes to those which would not decrease the work assignments available to MABSTOA employees. Even assuming that there was a past practice of allowing drivers to choose jobs by seniority, that does not speak directly to the particular management action which is at the heart of the instant dispute. Indeed, the TWU advances a past practice concerning seniority as a restriction on management's rights so sweeping in scope that we are hard pressed to believe that MABSTOA ever would have consented, for it effectively compromises MABSTOA's ability to design a more efficient transportation system. In view of the foregoing we conclude that in the absence of language in the agreement which places management's right to make the subject route changes in issue, the arbitrator exceeded his power under that agreement when he granted the TWU's grievance *(see, Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn.,* 129 AD2d 708).

In addition, the arbitrator violated public policy in giving precedence to the seniority rights of MABSTOA employees over MABSTOA'S statutory mandate, pursuant to Public Authorities Law §§ 1203-a and 1204 (15), to "extend, modify, discontinue, curtail, or change routes" for the public benefit by making the routes safer and more convenient, as well as more efficient and economical. The public policy violation resulted because the arbitrator's award placed MABSTOA in the position of having to consider TWU seniority rights every time it wanted to make a route change to improve service. As noted above, such a requirement has the potential to prevent MABSTOA from effectuating any such improvements. Consequently, even if an argument could be made that the contract allowed such a result, we would affirm the judgment vacating the award. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.