■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Appellant, v TRANSPORT WORKERS UNION OF AMERICA et al., Respondents. [627 NYS2d 69] —In a proceeding pursuant to CPLR article 75 to vacate so much of an award of the Tripartite Arbitration Board, dated December 24, 1992, as, upon finding New York City Transit Authority employee Samuel Douglas guilty of sexual harassment, modified the sanction of dismissal to a suspension without pay for the period he had not worked, the New York City Transit Authority appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated October 22, 1993, which confirmed the award and dismissed the petition.

Ordered that the judgment is affirmed, with costs.

An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power *(see, Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union,* 180 AD2d 798). In the instant case, the New York City Transit Authority (hereinafter the Transit Authority) argues that the Tripartite Arbitration Board's modification of the employee's sanction from dismissal to a suspension without pay for the period he had not worked (approximately four months) undermines the Transit Authority's attempts to comply with its statutory obligations under Title VII of the Civil Rights Act of 1964 (42 USC § 2000e-2 [a] [1]) to prevent sexual harassment in the workplace, and therefore violates public policy. We disagree.

While we recognize the strong public policy against sexual harassment in the workplace, and the well-defined, dominant public policy favoring voluntary employer prevention, we must balance these against the necessity of exercising due restraint in vacating arbitration awards (see, *Matter of Sprinzen [Nomberg]*, 46 NY2d 623). In this case, the majority of the Tripartite Arbitration Board found that the employee had no history of engaging in similar misconduct, had not been the subject of prior warnings, and should now know (as the result of discipline) that he must refrain from similar misconduct. The Transit Authority's own policies do not mandate dismissal as the only available sanction for engaging in sexual harassment, and we do not find the arbitration award to be either so irrational as to mandate its vacatur (cf., *Matter of Ford v Civil Serv. Empls. Assn.*, 94 AD2d 262) or that public policy considerations prohibit the imposition of a suspension in lieu of a dismissal (see, *Chrysler Motors Corp. v International Union Allied Indus. Workers*, 959 F2d 685). Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur. [See, 159 Misc 2d 1003.]