In the Matter of SHIA OSTREICHER, Respondent, v ERNEST OSTREICHER, Appellant. (Matter No. 1.) In the Matter of ISAAC OSTREICHER, Respondent, v ERNEST OSTREICHER, Appellant. (Matter No. 2.) ISSAC OSTREICHER et al., Respondents, v ERNEST OSTEICHER et al., Appellants. (Matter No. 3.) SHIA OSTREICHER et al., Respondents, v ERNEST OSTREICHER et al., Appellants. (Matter No. 4.) [629 NYS2d 470] —In two proceedings pursuant to CPLR article 75 to confirm two arbitration awards, dated January 23, 1991, and February 11, 1992, respectively, which were consolidated with two related actions to impose constructive trusts, Ernest Ostreicher and Goldie Ostreicher appeal, as limited by their brief, from (1) an order and judgment (one paper) of the Supreme Court, Kings County (G. Aronin, J.), dated January 4, 1994, which, *inter alia,* confirmed the arbitration awards, denied Ernest Ostreicher's motions to vacate the awards, and denied their motions for summary judgment dismissing the actions to impose constructive trusts, and (2) so much of an order of the same court, also dated January 4, 1994, as, in effect, upon granting their motion for renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order and judgment dated January 4, 1994, is dismissed, without costs or disbursements, as that order and judgment was superseded by the order dated January 4, 1994, made upon renewal and reargument; and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which, upon renewal and reargument, denied the branch of Ernest Ostreicher's motion which was to vacate the arbitration award in favor of Shia Ostreicher, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof which, upon renewal and reargument, denied Ernest and Goldie Ostreicher's motion for summary judgment dismissing the complaint in the action to impose a constructive trust commenced by Shia Ostreicher; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and (1) the first,

second, sixth, eighth, ninth, eleventh, twelfth, and thirteenth decretal paragraphs of the order and judgment dated January 4, 1994, are vacated, and (2) so much of the seventh and tenth decretal paragraphs of the order and judgment dated January 4, 1994, as relate to the arbitration award in favor of Shia Ostreicher are vacated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County for further proceedings in accordance herewith.

This appeal concerns the confirmation of two arbitration awards issued by a rabbinical court in favor of two sons against their father.

Contrary to the contentions of the father, Ernest Ostreicher, there was no evidence either that the arbitrators committed misconduct or that they were prejudiced against him during the arbitration proceeding with his son Isaac Ostreicher *(see,* CPLR 7511 [b]; *Matter of Town of Calicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907). Moreover, the award was not open-ended, did not lack finality, and the arbitrators did not exceed their authority. Thus, the Supreme Court properly confirmed the award in favor of Isaac Ostreicher. However, we reverse the court's confirmation of the arbitration award in favor of Shia Ostreicher.

Pursuant to CPLR 7511 (b) (2) (ii) an arbitration award shall be vacated on the "application of a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate" if a "valid agreement to arbitrate was not made". Under the facts present here, we find that there was no arbitration agreement between Ernest Ostreicher and his son Shia Ostreicher. Moreover, Ernest Ostreicher was not served with a notice of intention to arbitrate by Shia Ostreicher, nor did he participate in any arbitration with Shia Ostreicher. Accordingly, the arbitration award in favor of Shia Ostreicher must be vacated. Further, because the denial of Ernest Ostreicher's motion for summary judgment in Shia Ostreicher's related action to impose a constructive trust was apparently based, at least in part, on the confirmation of the arbitration award in favor of Shia Ostreicher, we remit the matter to the Supreme Court for further consideration of the motion for summary judgment in light of this Court's vacatur of the arbitration award.

We have considered the parties' remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Pizzuto and Krausman, JJ., concur.