■ In the Matter of the Arbitration between ANTHONY L. VENDITTI, Respondent, and GENERAL ACCIDENT INSURANCE, Appellant. [654 NYS2d 205] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered January 17, 1996 in Schenectady County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award, and (2) from the judgment entered thereon.

Petitioner was injured in an accident on October 22, 1992 which caused him to lose earnings and incur medical expenses. Pursuant to a written agreement between petitioner and respondent, respondent was to pay petitioner personal injury protection benefits including loss of earnings and health service benefits incurred as a result of the accident. These were paid until February 9, 1995, when respondent denied petitioner further payments because of petitioner's failure to submit to two physical examinations.

Petitioner sought arbitration of the matter as provided by the agreement between the parties. On September 19, 1995 arbitration of the controversy was held. The issues presented included the following: whether petitioner should be precluded from receiving no-fault benefits by reason of his failure to attend two scheduled physical examinations, and (2) whether services rendered to petitioner by the Neurological Association of Northeastern New York and Schenectady Radiologists were causally related to the accident in question.

The arbitrator held in petitioner's favor on both questions, finding that respondent was unreasonable in the scheduling of the two examinations at two distant locations (75 miles away)

in view of petitioner's disability. The notices of examinations were found to be unreasonable. The requests were also found to be null and void in that they failed to advise petitioner that he would be reimbursed for loss of earnings and transportation expenses in complying therewith. The arbitrator also held that the services rendered and in issue here were related to the accident in question. Benefits of $359.76 sought in the hearing were awarded to petitioner. Petitioner's counsel was ordered to provide an affidavit setting out his services to be used as the basis for the award of counsel fees.

Upon respondent's failure to pay, petitioner commenced this proceeding to confirm the arbitration award. Supreme Court granted the application and respondent appeals.

We disagree with respondent's contention that no lost earnings were awarded and that only medical benefits were sought in the arbitration proceeding. The question submitted related to all no-fault benefits. This included lost wages and medical bills. The arbitrator clearly found that petitioner was not precluded from receiving no-fault benefits. Such finding by implication includes both wages and medical payments. Petitioner had a continuing claim and is entitled to lost wages for his entire period of disability. Respondent's present contention that the benefits payable under the policy were exhausted was not offered as a defense to defeat the remedy sought by petitioner before the arbitrator and cannot now be interjected to nullify the award.

An arbitration award will not be vacated unless found to be violative of strong public policy, totally irrational or clearly in excess of an enumerated limitation of the arbitrator's power (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907). No grounds to set aside the arbitrator's findings have been established.

We also reject respondent's contention that the arbitrator's award did not include interest. Interest was clearly awarded.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.