■ In the Matter of SUFFOLK COUNTY WATER AUTHORITY, Appellant, v LOCAL 393, UTILITY WORKERS UNION OF AMERICA, AFL-CIO, Respondent. [659 NYS2d 313] —In a proceeding pursu-

ant to CPLR 7511 to vacate so much of an arbitration award dated August 14, 1995, as, after a hearing, modified the penalty imposed by the petitioner upon an employee from a dismissal to a suspension, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), entered June 17, 1996, which confirmed the award.

Ordered that the judgment is affirmed, with costs.

An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically-enumerated limitation on the arbitrator's power (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907; *Matter of New York City Tr. Auth. v Transport Workers Union*, 215 AD2d 561). The petitioner Suffolk County Water Authority (hereinafter the Authority) contends that the arbitrator's modification of an employee's sanction for disconnecting the water meter at his residence from dismissal to a one-year suspension violates public policy.

We conclude that the Supreme Court properly confirmed the arbitration award. The parties agreed to resolve disputes concerning the discipline of employees by arbitration, and the Authority failed to establish that there are public policy considerations embodied in statute or decisional law which warrant court intervention in this case (*see, Binghamton Civ. Serv. Forum v City of Binghamton*, 44 NY2d 23; *see also, De Paulo v City of Albany*, 49 NY2d 994; *Matter of New York City Tr. Auth. v Transport Workers Union, supra*). Furthermore, the Authority has not shown that its own rules require dismissal as a sanction for the employee's conduct (*see, Matter of New York City Tr. Auth. v Transport Workers Union, supra; cf., Matter of New York City Tr. Auth. v Transport Workers Union*, 239 AD2d 421). O'Brien, J. P., Ritter, Goldstein and Luciano, JJ., concur.