In the Matter of MICHAEL A. SQUILLINI, Appellant, v STATE OF NEW YORK (OFFICE OF MENTAL HYGIENE) et al., Respondents. [669 NYS2d 859] —In a proceeding pursuant to CPLR article 75 to vacate an award of the American Arbitration Association, dated December 20, 1995, which, after a hearing, imposed upon the petitioner the penalty of dismissal from his employment as Maintenance Supervisor, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Bergerman, J.), entered November 26, 1996, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner agreed to grant the arbitrator's request for an extension of time to November 17, 1995, in rendering the award. Accordingly, the petitioner's claims relating to the arbitrator's alleged misconduct in his delay in rendering the arbitration award have been waived (*see, Matter of Lebow [Bogner-Seitel Realty],* 55 AD2d 695, 696; *see also, Matter of Siegel [Lewis],* 40 NY2d 687, 690; *Matter of Stevens & Co. [Rytex Corp.],* 34 NY2d 123, 129; *Matter of Cheek v Chubb & Son,* 70 AD2d 622). In any event, the arbitrator's actions did not constitute misconduct.

Furthermore, we find that the arbitration award, in sustaining the penalty of dismissal from employment for theft and deceit, does not violate a strong public policy and is not irrational (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907; *Matter of Suffolk County Water Auth. v Local 393,* 240 AD2d 751; *Matter of New York City Tr. Auth. v Transport Workers Union,* 243 AD2d 567; *Matter of State Univ. v Young,* 170 AD2d 510, 511, *cert denied,* 506 US 1035).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.