■ In the Matter of JOHN T. MEEHAN, Respondent, v NASSAU COMMUNITY COLLEGE, Appellant. [674 NYS2d 697] —In a

proceeding pursuant to CPLR article 75, *inter alia*, to confirm an arbitration award dated March 28, 1995, Nassau Community College appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), entered May 16, 1996, as confirmed the award.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

An arbitration award may not be vacated unless it is irrational, violates a strong public policy, or clearly exceeds a limitation imposed on the arbitrator as set forth in CPLR 7511 (b) (*see, Matter of Board of Educ. v Arlington Teachers Assn.*, 78 NY2d 33, 37). An arbitrator exceeds his or her power under CPLR 7511 (b) (1) (iii) if the award gives a "completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties" (*Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383; *see also, Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582). Contrary to the contention of the appellant Nassau Community College (hereinafter the college), the interpretation by the arbitration panel here of Article 14 of the parties' collective bargaining agreement was not irrational. Accordingly, the award was not in excess of the power of the arbitration panel.

The award here is also not violative of public policy. Public policy may not be invoked in every instance where arbitration of a collective bargaining agreement threatens to encroach on the management prerogatives of a State-financed college (*see, Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.*, 48 NY2d 669, 670). Rather, public policy may be invoked only where an arbitration award interferes with a college's obligation to maintain academic standards in the classroom (*see, Matter of Board of Educ. v Arlington Teachers Assn.*, 78 NY2d 33, 37, *supra; Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.*, 49 NY2d 732, 734). That is not the case here. Here, the arbitration award merely gave effect to the provision in the parties' collective bargaining agreement which obligated the college to designate the courses offered during the "mini-semester" for assignment to its qualified adjunct faculty. Although the award subjects the college to competing obligations since it conflicts with the college's obligation to the full-time faculty under a separate collective bargaining agreement, the dilemma is of the college's own making and will not serve as a basis for vacating the award (*see generally, Grace & Co. v Rubber Workers*, 461 US 757). Bracken, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.