■ In the Matter of the Arbitration between COUNTY OF RENSSELAER et al., Respondents, and HUDSON VALLEY COMMUNITY COLLEGE FACULTY ASSOCIATION, Respondent, and THOMAS P. NEUHAUS, Appellant. [692 NYS2d 758] —Mercure, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered March 4, 1998 in Rensselaer County, which, *inter alia*, granted petitioners' application pursuant to CPLR 7510 to confirm an arbitration award.

Respondent Thomas P. Neuhaus, a tenured faculty member at petitioner Hudson Valley Community College, was discharged from his employment for violating the collective bargaining agreement. between the college and respondent Hudson Valley Community College Faculty Association by giving each of the students in his electronics communication course a grade of 100% in lieu of an exam which had been scheduled but was not given. An additional charge of improperly selling electronics equipment to students in exchange for special considerations was also levied against Neuhaus in further support of his termination. Neuhaus and the faculty association first filed a grievance challenging Neuhaus' termination (hereinafter the termination grievance) and then filed a second grievance concerning the college's failure to pay salary

and benefits to Neuhaus during the pendency of the termination grievance (hereinafter the salary grievance).

Ultimately, the salary grievance was concluded with a determination that the college had violated the collective bargaining agreement by failing to pay Neuhaus' salary during the pendency of the termination grievance; his salary was restored retroactive to September 1, 1996. The termination grievance thereafter proceeded to arbitration. In August 1997, the arbitrator rendered an award concluding that (1) Neuhaus was guilty of violating articles VII.A and XI.B.3 of the collective bargaining agreement, (2) the penalty of termination was appropriate, (3) Neuhaus was not entitled to salary beyond August 21, 1996, and (4) Neuhaus should reimburse the college for salary paid to him after that date.

Petitioner then commenced this proceeding pursuant to CPLR 7510 to confirm the arbitrator's award in the termination grievance. Neuhaus cross-petitioned to vacate that award and to confirm the award in the salary grievance. Supreme Court confirmed both awards and Neuhaus now appeals from so much of Supreme Court's order as confirmed the arbitrator's award in the termination grievance.

The contentions advanced on appeal lack merit and may be readily disposed of. Initially, the contention that the arbitrator denied Neuhaus a fair hearing by refusing to consider his defense of academic freedom misconstrues both the relevant facts and the applicable law. The arbitrator did in fact consider Neuhaus' claim that he had the academic freedom to determine his students' final grades but rejected it, finding that because the grades in question were not evaluative "[t]his case is not about academic freedom". Furthermore, given the broad arbitration clause in the present collective bargaining agreement, the arbitrator's award may not be vacated unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's powers (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909). No such contention has been advanced here.

We are similarly unpersuaded that the arbitrator exceeded her authority in ordering Neuhaus to repay salary received for the period following August 21, 1996. Clearly, that provision of the award did not contradict the award concluding the salary grievance, which dealt exclusively with the issue of Neuhaus' right to receive his salary pending the resolution of the termination grievance and in fact ordered the college "to continue such payments until the matter is resolved by the is-

suance of an Arbitration decision dealing with the merits of the dismissal, which decision shall then be controlling".

Neuhaus' additional contentions have been considered and found to be entirely lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.