■ In the Matter of VILLAGE OF SPRING VALLEY, Appellant, v POLICEMEN'S BENEVOLENT ASSOCIATION OF VILLAGE OF SPRING VALLEY, Respondent. [707 NYS2d 843] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Rockland County (Miller, J.), dated February 10, 1999, which dismissed the proceeding and granted the respondent's cross motion to confirm the award.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contention, vacatur of the arbitration award is not warranted since the arbitration award did not violate a strong public policy, was not irrational, and did not clearly exceed a specifically-enumerated limitation on the arbitrator's power (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907; *Matter of Meehan v Nassau Community Coll.,* 251 AD2d 415; *Matter of County of Westchester v Alfonso,* 244 AD2d 482). The arbitrator properly relied on the past practice of the parties in interpreting the collective bargaining agreement (*see, Matter of Board of Educ. v North Babylon Teachers' Org.,* 155 AD2d 599; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Local 100, Transport Workers Union,* 84 AD2d 749), and, in doing so, did not negate any express contract provisions (*see, Matter of Sachem Cent. Teachers Assn. v Board of Educ.,* 227 AD2d 632; *Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn.,* 129 AD2d 708). Accordingly, the Supreme Court properly confirmed the arbitration award. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.