■ BLANKMAN HOTEL CORP. et al., Respondents, v J.L. WHITE INVESTMENTS, INC., Appellant. [720 NYS2d 157] —In an action for a judgment declaring that certain modifications to a management agreement and a partnership agreement are valid and enforceable, which was submitted to arbitration pursuant to a stipulation of the parties, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated January 6, 2000, as granted that branch of the plaintiffs' motion which was to vacate an arbitration award dated April 21, 1999.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was to vacate the arbitration award is denied, and the arbitration award is confirmed.

An arbitrator's paramount responsibility is to reach an equitable result (*see, Matter of Sprinzen [Nomberg],* 46 NY2d 623), and an arbitration award may not be vacated unless, *inter alia,* it clearly exceeds a specifically enumerated limitation on the arbitrator's powers (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907). Contrary to the finding of the Supreme Court, the arbitrator did not clearly exceed his authority, despite the restrictive language of the 1980 partnership agreement at issue. The parties voluntarily entered into a broadly-worded stipulation designed to include the resolution of all claims between them. A review of all the submissions relative to the arbitration hearing establish that reformation of the 1980 partnership agreement was a possible issue to be

resolved by an arbitrator. Therefore, the arbitrator acted within the powers conferred upon him by including the reformation of the 1980 partnership agreement in his award. Accordingly, the arbitration award is confirmed. Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.