■ WIEN & MALKIN, LLP, et al., Appellants, v HELMSLEY-SPEAR, INC., Respondent. [751 NYS2d 21] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 23, 2001, which, inter alia, granted the motion by defendant Helmsley-Spear, Inc. to confirm an arbitration award dated March 30, 2001, unanimously affirmed, without costs.

Inasmuch as the dispute at issue, arising from the termina-

tion of defendant as managing agent at buildings located within the City of New York, does not have a substantial effect on interstate commerce, the Federal Arbitration Act does not apply (*see United States v Lopez*, 514 US 549, 559; *and see Allied-Bruce Terminix Cos., Inc. v Dobson*, 513 US 265, 281-282). Under state law, the award must stand unless shown to be utterly arbitrary or violative of public policy (*see* CPLR 7511; *Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907, 909). We are not empowered to vacate an award merely for errors of law or fact committed by the arbitrators (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629). Given our very limited scope of review, we conclude that the arbitration panel's findings that the proxy solicitation process was impaired, that the voting agreement executed by Leona Helmsley did not violate Partnership Law § 53 (1), and that the assignment to Newco was not an assignment of a personal services contract, while perhaps questionable, were not so arbitrary as to warrant vacatur. It may be noted in this connection that the arbitrators' finding that a "fiduciary duty" was owed by the partners to Helmsley-Spear appears not to have been a finding of the existence of such a duty in the strict legal sense, but only a determination that the parties' long-standing relationship warranted adherence to appropriate methodology before termination of Helmsley-Spear's role as managing agent for the various buildings could be effected. Concur—Williams, P.J., Ellerin, Rubin, Marlow and Gonzalez, JJ.