■ In the Matter of PENELOPE TSIKITAS, Appellant, v NATIONWIDE INSURANCE COMPANY, Respondent. [822 NYS2d 464]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated February 16, 2005, which denied the petition and granted the respondent's cross application to vacate the award.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the cross application is denied.

Unless it violates a strong public policy, is totally irrational, or exceeds a specifically-enumerated limitation on the arbitrators' powers, an arbitration award may not be vacated (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Ropal Constr. Corp. v God's Battalion of Prayer Church*, 305 AD2d 577 [2003]; *see also* CPLR § 7511 [b] [1] [iii]; *cf. Matter of Board of Educ. of N. Babylon Union Free School Dist. v North Babylon Teachers' Org.*, 104 AD2d 594, 596-597 [1984]). In assessing whether an arbitration award should be vacated, "[a] court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *see Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.]*, 65 NY2d 677, 678 [1985]; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]).

Here, there is no claim that the arbitrators' award violated public policy or exceeded any limit on the arbitrators' powers, and contrary to the respondent's contentions, the arbitration award was not irrational (*see Matter of Travis [Masiello]*, 19 AD3d 1093 [2005]; *Matter of Squillini v State of New York [Off. of Mental Hygiene]*, 248 AD2d 391 [1998]). Accordingly, the Supreme Court erred in denying the petition to confirm the award and granting the respondent's cross application to vacate it. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.