■ In the Matter of BRIDGE AND TUNNEL OFFICERS BENEVOLENT ASSOCIATION, Respondent, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Appellant. [869 NYS2d 484]—

In January 2005, petitioner exercised its prerogative under its policy governing leave pursuant to the Family Medical Leave Act of 1993 (FMLA) (29 USC § 2601 *et seq.*) to require employees to substitute paid annual leave for FMLA leave (*see* 29 USC § 2612 [d]). Before then, petitioner had given its employees the option of taking FMLA leave paid or unpaid. Respondent filed a grievance charging that the new requirement violated its

members' rights under the parties' collective bargaining agreement (CBA) by "forc[ing] [them] to use annual leave outside of their contractually bidded seniority based vacation periods," and the grievance went to arbitration.

In an opinion and award dated January 6, 2006, the arbitrator sustained the grievance, finding that respondent's "inflexible and across-the-board requirement that employees must always use annual leave for medical leave purposes . . . can lead to a complete abrogation of an employee's vacation rights [under the CBA]." However, the arbitrator also found that since employees could be required to use annual leave for purposes other than vacation, they could not expect to be able to use all their annual leave for vacation purposes. The arbitrator sustained the grievance but left it to the parties to fashion a remedy that would take into account the needs of both, retaining his jurisdiction to do so in the event they failed. On May 3, 2006, the arbitrator issued an opinion and award directing that respondent could require an employee to charge up to 25% of his or her accrued annual vacation leave for FMLA leave purposes before giving him or her the option of taking FMLA leave unpaid.

In modifying the May 3, 2006 award, the court impermissibly substituted its judgment and interpretation of the CBA for that of the arbitrator (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). Based on his findings that nothing in the CBA limited respondent's discretion to require that some percentage of annual leave be charged for purposes of FMLA leave and that the parties understood that respondent retained a degree of flexibility in deciding whether to impose that requirement, the arbitrator concluded that an appropriate remedy for the grievance would reflect respondent's discretion while guaranteeing petitioner's members that a percentage of their accrued annual leave would be available for vacation purposes. When the parties were unable to agree on a remedy, he decided that respondent could require up to 25% percent of accrued annual leave to be charged to FMLA leave, thus leaving intact employees' "reasonable expectation that they will be able to utilize the bulk of their annual leave for vacation purposes." The result reached by the arbitrator based on his interpretation of the CBA in light of what he found to be the intent of the parties cannot be said to be completely irrational (*see Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines]*, 50 NY2d 1007 [1980]). Concur—Friedman, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.