# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**92**

**CA 10-01993**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ROBERT P. MEEGAN, JR.,
INDIVIDUALLY AND AS PRESIDENT OF BUFFALO
POLICE BENEVOLENT ASSOCIATION, AND BUFFALO
POLICE BENEVOLENT ASSOCIATION,
PETITIONERS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

BYRON W. BROWN, AS MAYOR OF CITY OF BUFFALO,
H. MCCARTHY GIPSON, AS COMMISSIONER OF POLICE,
AND CITY OF BUFFALO, RESPONDENTS-APPELLANTS.

---

GOLDBERG SEGALLA LLP, BUFFALO (MATTHEW C. VAN VESSEM OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

LAW OFFICES OF W. JAMES SCHWAN, BUFFALO (W. JAMES SCHWAN OF COUNSEL),
FOR PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Drury, J.), entered February 22, 2010 in a proceeding pursuant to
CPLR article 75.  The order, insofar as appealed from, denied the
motion of respondents for a stay of arbitration and directed
respondent H. McCarthy Gipson, as Commissioner of Police promptly to
conduct a Step 3 grievance hearing and issue a Step 3 response in
accordance with the contract.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondents appeal from an order denying their
motion seeking, inter alia, to stay arbitration of a grievance filed
by petitioners with respect to respondents' refusal to pay certain
collective bargaining agreement (CBA) benefits to police officers
receiving General Municipal Law § 207-c benefits.  Respondents had
notified petitioners that respondents were unilaterally discontinuing
payment of "[a]ny contractual benefits [that] are not expressly
provided by the [CBA]" to individuals receiving section 207-c
benefits.  Supreme Court denied petitioners' application for a
preliminary injunction prohibiting respondents from discontinuing the
benefits at issue until the arbitrator rendered a decision with
respect to the grievance, and the court also denied respondents'
motion.  We affirm.

We reject respondents' contention that the court erred in denying

that part of their motion seeking to stay the arbitration of petitioners' grievance. It is well settled that the benefits provided to a police officer pursuant to General Municipal Law § 207-c are exclusive, and a CBA will not be construed as impliedly expanding such benefits (*see generally Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 694-695). There is, however, no prohibition against a CBA that provides for the extension of the benefits set forth therein to police officers (*see generally id.*). Here, respondents conceded at oral argument on the application and the motion that respondent City of Buffalo (City) had been paying CBA benefits to police officers receiving General Municipal Law § 207-c benefits for over 40 years. "[A] past practice concerning [fringe] benefits for current employees, even where unrelated to any specific contractual provision, cannot be unilaterally modified by the public employer" (*Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 332). The public employer has "a duty to negotiate with the bargaining representative of current employees regarding any change in past practice affecting [such] benefits" (*id.*).

In addition, the CBA contains a "Maintenance of Benefits" clause pursuant to which "[a]ll conditions or provisions beneficial to employees now in effect [that] are not specifically provided for in [the CBA] or [that] have not been replaced by provisions of [the CBA] shall remain in effect for the duration of [the CBA], unless mutually agreed otherwise between the City and [petitioner Buffalo Police Benevolent Association]." Thus, respondents also had a contractual duty to negotiate a change in the past practice and lacked the authority to discontinue unilaterally the payment of the benefits at issue to police officers receiving General Municipal Law § 207-c benefits. Questions with respect to the scope and intent of the "Maintenance of Benefits" clause and the past practice are the proper subjects of arbitration, and past practice may be relied upon by the arbitrator in rendering a decision (*see generally Matter of Board of Educ. of Norwood-Norfolk Cent. School Dist. [Hess]*, 49 NY2d 145, 153; *Matter of Village of Spring Val. v Policemen's Benevolent Assn. of Vil. of Spring Val.*, 271 AD2d 615, *lv denied* 95 NY2d 760; *Matter of Board of Educ. of N. Babylon Union Free School Dist. v North Babylon Teachers' Org.*, 155 AD2d 599).

We reject respondents' further contention that petitioners are improperly seeking to arbitrate issues with respect to respondents' obligation to pay General Municipal Law § 207-c benefits. Petitioners' grievance arises out of the CBA and respondents' unilateral discontinuance of a past practice spanning 40 years. The result of arbitration with respect to that grievance will have no impact upon respondents' obligation to pay section 207-c benefits.

Entered: February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court