■ In the Matter of the Arbitration between STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF AGRICULTURE AND MARKETS, Respondent, and PUBLIC EMPLOYEES FEDERATION, INC., et al., Appellants. [715 NYS2d 101] —Lahtinen, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered June 24, 1999 in Albany County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Respondent Sahedou Ousman was employed by petitioner as an assistant farm products inspector and was assigned to inspect eggs pursuant to an agreement with the United States Department of Agriculture (hereinafter USDA). The USDA's Food Safety and Inspection Service trained and supervised these State employees to conduct egg inspections at Federally regulated egg plants. The job required a Federal egg product inspection license which Ousman obtained and held until it was revoked by the USDA on April 15, 1997 because of Ousman's failure to consistently follow instructions, adhere to established procedures and repeated instances of tardiness and unauthorized absences from his place of employment during his normal tour of duty.

Based on the Federal Government's revocation of his Federal egg inspection license, petitioner terminated Ousman's employment claiming that his loss of Federal licensure rendered him unqualified to perform the duties of an assistant farm products inspector. Thereafter, by agreement between the parties, Ous-

man was restored to salary status and placed on administrative leave pending disciplinary action by petitioner pursuant to article 33 of the parties' collective bargaining agreement.* By letter dated August 14, 1997, Ousman was suspended without pay effective August 18, 1997 and on August 19, 1997 was served with a notice of discipline which, *inter alia,* sought termination of his employment for an act of incompetence described as failure to maintain his Federal egg product inspection license which was required for his continued employment as an egg inspector.

Ousman's union, respondent Public Employees Federation, Inc., filed a grievance and demand for arbitration and a hearing was held on December 4, 1997 and January 14, 1998. As a result of the hearing, the arbitrator made factual findings that the Federal egg product inspection license was not a prerequisite for the position of an assistant farm products inspector and, as of July 1, 1997, there were employment opportunities within that title to which Ousman could have been assigned that did not require Federal licensure. The arbitrator concluded that there was just cause for suspension of Ousman from his job without pay from April 15, 1997 until June 30, 1997, but that there was no just cause for the penalty of termination. The award directed that Ousman be restored to pay status with all rights and benefits as of July 1, 1997 less any income or unemployment compensation benefits received since that time and further directed that the State offer Ousman the next available position within title or, in the alternative, continue him on paid administrative leave and file charges against him pursuant to the applicable provisions of article 33 of the collective bargaining agreement based upon his unsatisfactory performance of his duties as a State employee prior to April 15, 1997.

Petitioner commenced this CPLR article 75 proceeding seeking to vacate and annul the arbitration award on the grounds that it was wholly irrational and violated a fundamental public policy regarding civil service appointment requirements and the State's compelling interest in ensuring a safe food supply to the public. Supreme Court found that Ousman failed to present evidence at the arbitration hearing showing that he was qualified to perform any other duties of an assistant farm products inspector and vacated the arbitration award which directed petitioner to offer Ousman the next available position within title, reasoning that it violated the strong public policy

* Professional, Scientific and Technical Services Unit Agreement 1995-1999 between the State and the Public Employees Federation AFL-CIO.

that the food supply of the State be properly monitored to ensure the health and safety of its residents. Respondents appeal and we now reverse.

An arbitration award may not be vacated "unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909). A reviewing court is "bound by an arbitrator's factual findings * * * and judgment concerning remedies" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York,* 94 NY2d 321, 326).

We note initially that the notice of discipline filed by petitioner limited the arbitrator's inquiry to whether Ousman's loss of his Federal license rendered him unqualified to perform the duties of an assistant farm products inspector warranting his dismissal. In light of the arbitrator's factual findings that other employees within the same title did not possess a Federal license and in some instances were trained or retrained for various positions, the arbitrator's decision that the loss of Ousman's Federal license, standing alone, did not provide just cause for his termination cannot be said to be wholly irrational.

Accordingly, in order to vacate the arbitrator's award "the courts must be able to examine an arbitration * * * award on its face, without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement" (*Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631). We cannot agree with Supreme Court's conclusion that the arbitration award "violates the strong public policy that the food supply of this State be properly monitored to ensure the health and safety of its residents (*see,* Agriculture and Markets Law § 16)." The subject award did not require petitioner to reinstate Ousman to another food inspection position since it allowed petitioner the alternative to continue Ousman on administrative leave and file the appropriate disciplinary charge reflecting his general incompetence and lack of qualifications for any position within his title of employment. This arbitration award simply extends to Ousman the protection of article 33 of the collective bargaining agreement that petitioner agrees is applicable here and cannot be said to be violative of any strong public policy or the State constitutional mandate that civil service appointments be based on merit.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitioner's application to vacate the arbitration award denied,

petition dismissed and respondents' application to confirm the arbitration award granted.