■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant, v COUNTY OF NASSAU, Respondent, et al., Respondent. [727 NYS2d 325] —In a proceeding pursuant to CPLR 7510 to confirm an arbitration award dated July 26, 1999, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated July 31, 2000, as denied the petition and granted the cross petition of the County of Nassau to vacate the award.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is granted, the cross petition is denied, and the arbitration award is reinstated and confirmed.

It is well settled that an arbitration award "may not be vacated unless it is violative of a strong public policy, is totally irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909; *Matter of State of New York, N. Y. State Dept. of Agric. & Mkts. [Public Empls. Fedn.],* 277 AD2d 564; *Matter of Kaled Mgt. Corp. v Bevona,* 268 AD2d 589). Contrary to the County's contention, the

arbitration award was based upon a finding that it violated a provision of the collective bargaining agreement which required it to "provide and maintain safe and healthful working conditions" for its employees. Accordingly, the arbitrator did not exceed his powers in directing that the subject hazardous condition be corrected, nor was the award irrational or violative of public policy. In addition, the award was sufficiently definite to allow the parties to determine their rights and obligations, and to resolve the controversy submitted (*see, Matter of Meisels v Uhr,* 79 NY2d 526). Santucci, J. P., Krausman, McGinity and Feuerstein, JJ., concur.