■ In the Matter of Arbitration between CITY OF WATERTOWN, Appellant, and WATERTOWN PROFESSIONAL FIREFIGHTERS' ASSOCIATION—LOCAL #191, Respondent. [720 NYS2d 436] —Order unanimously affirmed with costs. Memorandum: Petitioner, City of Watertown (City), commenced this proceeding pursuant to CPLR 7511 to vacate an arbitration award that determined that it had violated the provisions of a collective bargaining agreement with respondent union concerning the manner in which firefighters hired on and after December 7, 1993 (new hires) could schedule and use accrued annual leave. The City contends that the arbitrator exceeded his power by changing the contract between the parties and that the arbitrator's award is irrational. We disagree and conclude that Supreme Court properly denied the City's petition to vacate

the award and properly granted respondent's cross petition to confirm the award. Pursuant to the parties' collective bargaining agreement, the arbitrator was empowered to resolve disputes concerning the interpretation and application of the agreement, subject only to the limitation that the arbitrator could not modify the terms of the agreement (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907, 909). The court properly determined that the arbitrator did not effectively create a new contract for the parties. The fact that the arbitrator considered the past practice of the parties in interpreting the disputed provisions of the agreement did not render the arbitrator's decision irrational (*see, Matter of Board of Educ. v North Babylon Teachers' Org.*, 155 AD2d 599, 599-600). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Arbitration.) Present—Pigott, Jr., P. J., Hurlbutt, Kehoe and Lawton, JJ.