Matter of Niagara Frontier Transp. Auth. (NFTA Police Benevolent Assn.) (2021 NY Slip Op 01644)





Matter of Niagara Frontier Transp. Auth. (NFTA Police Benevolent Assn.)


2021 NY Slip Op 01644


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


919 CA 19-01569

[*1]IN THE MATTER OF ARBITRATION BETWEEN NIAGARA FRONTIER TRANSPORTATION AUTHORITY, PETITIONER-APPELLANT, AND NFTA POLICE BENEVOLENT ASSOCIATION, RESPONDENT-RESPONDENT. 






DAVID J. STATE, GENERAL COUNSEL, BUFFALO (WAYNE R. GRADL OF COUNSEL), FOR PETITIONER-APPELLANT. 
BARTLO, HETTLER, WEISS & TRIPI, KENMORE (PAUL D. WEISS OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered July 25, 2019 in a proceeding pursuant to CPLR article 75. The order denied the petition to vacate an arbitration award and confirmed that award. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR 7511 seeking to vacate an arbitration award determining that it violated the provisions of a collective bargaining agreement (CBA) with respondent union concerning the manner in which police officers were assigned to work at the transportation facilities operated by petitioner. On appeal from an order denying the petition and confirming the award, petitioner contends that Supreme Court erred in its determination inasmuch as the arbitrator violated public policy, manifestly disregarded the law, and exceeded his authority by improperly relying on evidence of the parties' past practices in a way that rewrote the terms of the CBA. We affirm.
"An arbitration award may be vacated on three narrow grounds: 'it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003], quoting Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn., 78 NY2d 33, 37 [1991]). We reject petitioner's contention that the arbitration award violated public policy. Here, petitioner was not prohibited by public policy considerations from agreeing, through collective bargaining, to limit its discretion as to the manner in which it assigned officers to work at its facilities (see generally Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.], 90 NY2d 364, 376 [1997]; Matter of Lucas [City of Buffalo], 93 AD3d 1160, 1163 [4th Dept 2012]). Although the arbitrator was not permitted to consider the parties' past practices in a way that rewrote or negated the terms of the CBA (see Matter of City of Rochester [Rochester Police Locust Club], 133 AD3d 1357, 1358 [4th Dept 2015]; Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union of Am., AFL-CIO, Local 100, 182 AD2d 626, 627 [2d Dept 1992], lv denied 80 NY2d 755 [1992]), the arbitrator was entitled to rely on evidence of past practices in order to interpret the terms in the existing agreement (see generally Lucas, 93 AD3d at 1163; Matter of City of Watertown [Watertown Professional Firefighters' Assn., Local #191], 280 AD2d 893, 894 [4th Dept 2001], lv denied 96 NY2d 711 [2001]; Matter of Village of Spring Val. v Policemen's Benevolent Assn. of Vil. of Spring Val., 271 AD2d 615, 615 [2d Dept 2000], lv denied 95 NY2d 760 [2000]). Thus, contrary to petitioner's contention, the arbitrator's [*2]use of past practices evidence does not warrant vacatur of the award on public policy grounds inasmuch as the arbitrator properly used such evidence only in interpreting the disputed provisions of the CBA (see Policemen's Benevolent Assn. of Vil. of Spring Val., 271 AD2d at 615; see generally City of Watertown, 280 AD2d at 894). For the same reason, we conclude that the arbitrator did not "manifestly disregard" the law or exceed his authority through his use of evidence of the parties' past practices (see City of Watertown, 280 AD2d at 894; see generally Schiferle v Capital Fence Co., Inc., 155 AD3d 122, 127 [4th Dept 2017]; Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Niagara Falls Bridge Commn. Unit, Niagara County Local 832 [Niagara Falls Bridge Commn.], 32 AD3d 1186, 1186 [4th Dept 2006]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court