Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Erie County Unit of Erie County Local 815 (County of Erie) (2022 NY Slip Op 06619)

Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Erie County Unit of Erie County Local 815 (County of Erie)

2022 NY Slip Op 06619

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

907 CA 21-01743

[*1]IN THE MATTER OF ARBITRATION BETWEEN CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, ERIE COUNTY UNIT OF ERIE COUNTY LOCAL 815, PETITIONER-RESPONDENT-APPELLANT, AND COUNTY OF ERIE, RESPONDENT-PETITIONER-RESPONDENT.

DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., ALBANY (JENNIFER C. ZEGARELLI OF COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT. 
BARCLAY DAMON LLP, BUFFALO (ARIANNA KWIATKOWSKI OF COUNSEL), FOR RESPONDENT-PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 13, 2021 in a proceeding pursuant to CPLR article 75. The order, among other things, denied the petition to vacate an arbitration opinion and award. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to CPLR article 75 seeking to vacate an arbitration opinion and award determining that the termination of one of its members was in accordance with the parties' collective bargaining agreement (CBA). On appeal from an order denying the petition and granting the cross petition of respondent-petitioner seeking to confirm the opinion and award, petitioner contends that Supreme Court erred in its determination inasmuch as the opinion and award was irrational and the arbitrator exceeded his authority.
"An arbitration award may be vacated on three narrow grounds: 'it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003], quoting Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn., 78 NY2d 33, 37 [1991]). We reject petitioner's contention that the opinion and award was irrational.
" 'An award is irrational if there is no proof whatever to justify the award' " (Matter of Town of Greece Guardians' Club, Local 1170, Communication Workers of Am. [Town of Greece], 167 AD3d 1452, 1455 [4th Dept 2018]), and here the arbitrator's award was justified by the language of the CBA, the CBA's reference to the rules for the Classified Civil Service of the County of Erie, and the parties' past practices. Contrary to petitioner's contention, Matter of County of Greene (Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Greene County Unit 7000, Greene County Local 820) (129 AD3d 1181 [3d Dept 2015], lv denied 26 NY3d 908 [2015]) does not require a different conclusion.
Contrary to petitioner's further contention, the arbitrator did not exceed his authority by effectively rewriting the CBA or ignoring its terms, and instead interpreted the existing terms of the CBA after finding the language of the CBA to be ambiguous (see generally Matter of Niagara Frontier Transp. Auth. [NFTA Police Benevolent Assn.], 192 AD3d 1551, 1551-1552 [*2][4th Dept 2021], lv denied 37 NY3d 914 [2021]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court